# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-04226-FMC-AJWx | JS - 6 | Date | July 2, 2009 |
|---|---|---|---|---|
| Title | IndyMac Federal Bank, FSB v. Rafael U. Guzman et al | | | |

| Present: The Honorable | FLORENCE-MARIE COOPER | | |
|---|---|---|---|
| Sheila English | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**   NOTICE OF REMOVAL  (In Chambers)

.The present action was improperly removed and the Court lacks subject-matter jurisdiction over it.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it.  Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006).

Although the Notice of Removal states that a claim in the present action arises under federal law, a review of the complaint reveals that it is a straightforward unlawful detainer action proceeding under state law.  Even if the removing defendant intends to assert a federal defense, the assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction.  See Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (setting forth the so-called "well-pleaded complaint rule").  Therefore, the Court has no federal question jurisdiction over this unlawful detainer action.  See 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

Additionally, the Notice of Removal purports to invoke the Court's supplemental jurisdiction over this action on the basis of the federal claims the removing defendant asserts against IndyMac Federal Bank and other institutions and individuals in a separate action, 2:09-cv-3970-FMC-AJWx, Guzman v. FDIC, et al.  However, the consolidation of these actions is not required and, as a result, the exercise of supplemental jurisdiction is not warranted.

In the absence of subject-matter jurisdiction, this Court is empowered to sua sponte remand the action.  See 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction).  Accordingly, the Court HEREBY REMANDS the present action to the Los Angeles Superior Court and directs the Clerk to close the case.

IT IS SO ORDERED.

|  | : | N/A |
|---|---|---|
| Initials of Preparer | SE | |